**Orien Cecil JOINER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 70269.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 12, 1992.

Rehearing Denied March 18, 1992.

702

Sam Ogan, Lubbock (court appointed), for appellant.

Travis S. Ware, Dist. Atty., Lubbock, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

BAIRD, Judge.

Appellant was convicted of capital murder pursuant to Tex.Penal Code Ann. § 19.-03(a)(6)(A).[1] The jury affirmatively answered the two issues submitted pursuant to Tex.Code Crim.Proc.Ann. art. 37.071(b).[2] Punishment was assessed at death. Tex. Code Crim.Proc.Ann. art. 37.071(e). Appeal to this Court is automatic. Tex.Code Crim.Proc.Ann. art. 37.071 § 2(h). We will affirm.

### I.

Appellant does not challenge the sufficiency of the evidence to support his conviction. However, in his fourth point of error, appellant challenges the sufficiency of the evidence to support the jury's affirmative answer to the second issue. Appellant contends that the evidence was insufficient to prove that there is a probability that he will commit criminal acts of violence that would constitute a continuing threat to society. *See,* Tex.Code Crim. Proc.Ann. art. 37.071(b)(2). To address this point of error, we must determine if the evidence, when viewed in the light most favorable to the verdict, would persuade any rational trier of fact to answer the issue in the affirmative. *See, Stoker v. State,* 788 S.W.2d 1 (Tex.Cr.App.1989) cert. denied — U.S. ——, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); *Burns v. State,* 761 S.W.2d 353 (Tex.Cr.App.1988); and *Keeton v. State,* 724 S.W.2d 58 (Tex.Cr.App.1987). A review of the entire record is necessary because the jury is entitled to consider the evidence presented at the guilt-innocence phase as well as the punishment phase when answering the issues. *Black v. State,* 816 S.W.2d 350 (Tex.Cr.App.1991); *Huffman v. State,* 746 S.W.2d 212, 223 (Tex.Cr.App.1988); *Beltran v. State,* 728 S.W.2d 382 (Tex.Cr.App.1987); and *Livingston v. State,* 739 S.W.2d 311 (Tex.Cr.App. 1987) cert. denied 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988).

---

1. Tex. Penal Code Ann. § 19.03 provides in part:

   (a) A person commits an offense if he commits murder as defined under Section 19.-02(a)(1) of this code and:

   \*   \*   \*   \*   \*   \*

   (6) the person murders more than one person:

   (A) during the same criminal transaction;

2. Appellant was convicted on April 18, 1988. All references to Tex.Code Crim.Proc.Ann. art. 37.071 will be to the statute as it appeared then, prior to its amendment on September 1, 1991.

Tex.Code Crim.Proc.Ann. art. 37.071(b) provided:

(b) On conclusion of the presentation of the evidence, the court shall submit the following three issues to the jury:

(1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;

(2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; and....

Appellant and his wife were estranged. This was stressful upon appellant and he had threatened suicide. Shortly before Thanksgiving, 1988, appellant was hospitalized for psychological or emotional reasons.

On December 17, 1988 the two female complainants were found in their apartment in Lubbock. The appellant lived next door. The first complainant, was found to have been stabbed four times in the chest and further received a series of lacerations on her neck. The second complainant suffered forty-one stab wounds to her chest, blunt force trauma to her head, lacerations to the head, and, her throat had been, according to the medical examiner, "slashed." Physical evidence further suggested that each complainant was sexually assaulted by appellant after their deaths. As previously noted, appellant does not challenge the sufficiency of the evidence to support his conviction for intentionally causing the deaths of the two complainants during the same criminal transaction.

In addition to the foregoing evidence of guilt, during the punishment phase of the trial, the State presented evidence that, approximately three days prior to the murders, appellant had held his wife captive for over twenty-four hours. During this period appellant forced his estranged wife to disrobe and assaulted her with a knife. There was further evidence that appellant had an explosive temper and had a particular affinity for knives.

The State presented testimony from a psychiatrist, testifying from a hypothetical question, which indicated that someone in appellant's position would have a substantial probability of committing criminal acts in the future which would constitute a continuing threat to society.

Appellant, during the punishment phase of the trial, submitted evidence that he had little trouble living in the Lubbock County Jail during his pre-trial incarceration of one

year and three months. Appellant's first wife further testified that appellant had never been violent with her and that she maintained contact with him. Prior to appellant's arrest for this offense, they planned to re-marry.

■■■ There are many factors that a jury may consider when answering the second issue. Among those factors are:

1. the circumstances of the capital offense, including the defendant's state of mind and whether he or she was working alone or with other parties;

2. the calculated nature of the defendant's acts;

3. the forethought and deliberateness exhibited by the crime's execution;

4. the existence of a prior criminal record, and the severity of the prior crimes;

5. the defendant's age and personal circumstances at the time of the offense;

6. whether the defendant was acting under duress or the domination of another at the time of the commission of the offense;

7. psychiatric evidence; and,

8. character evidence.

*Keeton v. State*, 724 S.W.2d 58, 61 (Tex.Cr. App.1987). Additionally, the circumstances of the offense alone may be sufficient to sustain the jury's affirmative answer to the second issue. *Black v. State*, 816 S.W.2d 350 (Tex.Cr.App.1991); *Stoker*, 788 S.W.2d 1 (Tex.Cr.App.1989); *Huffman v. State*, 746 S.W.2d 212 (Tex.Cr.App.1988); and *Moreno v. State*, 721 S.W.2d 295, 302 (Tex. Cr.App.1986). "It has been said that the circumstances of the offense and the facts surrounding it may furnish greater probative evidence than any other evidence regarding the probability of future acts of violence." *Alexander v. State*, 740 S.W.2d 749, 761 (Tex.Cr.App.1987).[3]

---

**3.** No two cases are alike and each case must be reviewed on its own facts. However, in evaluating the evidence in the present case, we may find direction by reviewing previous decisions of this Court wherein we held the evidence insufficient to support an affirmative finding to the second issue. Specifically, with regard to

our decision herein, we have reviewed several opinions including, but not limited to: *Huffman v. State*, 746 S.W.2d 212 (Tex.Cr.App.1988); *Beltran v. State*, 728 S.W.2d 382 (Tex.Cr.App.1987); *Roney v. State*, 632 S.W.2d 598 (Tex.Cr.App. 1982); *Garcia v. State*, 626 S.W.2d 46 (Tex.Cr.

Appellant argues that this Court has never addressed what circumstances would be in and of themselves sufficient to sustain an affirmative finding on the second issue for one convicted under § 19.03(a)(6)(A). Appellant directs our attention to *Roney v. State*, 632 S.W.2d 598 (Tex.Cr.App.1982), and argues that every murder is senseless and that the State has failed to show anything more in the instant case.

It is true that every murder is senseless. While there may be a fact situation wherein the evidence presented in a prosecution under § 19.03(a)(6)(A) is not inherently sufficient to sustain the jury's affirmative answer to the second issue, this is not such a case.

The evidence presented in this case demonstrates a complete disregard for sanctity for human life. Appellant not only took the lives of the two complainants herein but disfigured and brutalized their bodies. Appellant's actions appear cold, deliberate and calculated. He was alone and not under the domination of another.

We do not find the evidence of appellant's distress over the separation from his spouse compelling in this case. There is no evidence that such distress is in any way associated with the brutal actions the appellant took on the complainants herein and the jury was fully able to consider such evidence in relation to the issue of future danger.[4]

The evidence reveals appellant has a "quick" temper and had exhibited a knife in the past. Shortly before the murders, appellant imprisoned his wife in her apartment, disrobed her using his knife, placed the knife to her throat and struck her with his fists. Subsequent to his arrest for this offense, appellant made verbal and written threats against his wife. Were the facts and circumstances of this offense alone not sufficient to sustain the jury's response to the second issue, this additional evidence, along with the psychiatric testimony, is sufficient to support the jury's affirmative answer. The evidence was sufficient to support the jury's finding that appellant would in probability commit criminal acts of violence that would constitute a continuing threat to society. We overrule appellant's fourth point of error.

## II.

Appellant presents four points of error concerning the trial court's jury charge on punishment and the jury's ability to consider the mitigating evidence presented at trial.[5] Because of the similarity of these is-

App.1982); and *Wallace v. State*, 618 S.W.2d 67 (Tex.Cr.App.1981).

4. In *Moreno v. State*, 721 S.W.2d 295, 304 (Tex. Cr.App.1986) (Teague, J., concurring) Judge Teague stated, "I, for one, am unable to believe that an involuntary separation from one's spouse is sufficient reason or cause that would warrant that person killing six persons in three separate locations in a cold, calculating and brutal manner...."

5. Specifically, appellant's points of error are:

Point of Error Number One: THE TRIAL COURT ERRED IN REFUSING APPELLANT'S REQUESTED JURY INSTRUCTION AT THE PUNISHMENT PHASE. THE REQUESTED INSTRUCTION IS IN ACCORDANCE WITH THE UNITED STATES SUPREME COURT'S DECISION IN *PENRY V. LYNAUGH*, AND REFUSAL TO INCLUDE THE REQUESTED CHARGE CONSTITUTES REVERSIBLE ERROR.

Point of Error Number Two: THE TEXAS DEATH PENALTY STATUTE, ARTICLE 37.071 C.C.P. IS UNCONSTITUTIONAL AS APPLIED TO APPELLANT IN THAT THE JURY WAS UNABLE TO EXPRESS ITS "REASONED MOR-

AL RESPONSE" TO EVIDENCE IN MITIGATION OF PUNISHMENT IN DETERMINING WHETHER DEATH WAS THE APPROPRIATE PUNISHMENT.

Point of Error Number Three: THE TWO SPECIAL ISSUES SUBMITTED TO THE JURY AT PUNISHMENT FAILED TO PROVIDE A VEHICLE FOR THE JURY TO GIVE MITIGATING EFFECT TO APPELLANT'S EVIDENCE OF EXTREME EMOTIONAL DISTRESS AND LACK OF CRIMINAL RECORD, THUS VIOLATING THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION ARTICLE 1 SECTION 10 OF THE TEXAS CONSTITUTION, AND ARTICLE 1.05 C.C.P.

Point of Error Number Twelve: ARTICLE 37.-071 OF THE TEXAS CODE OF CRIMINAL PROCEDURE IS UNCONSTITUTIONAL AS APPLIED TO APPELLANT IN THAT IT DOES NOT REQUIRE THE SENTENCER TO GIVE INDEPENDENT MITIGATING WEIGHT TO ASPECTS OF THE APPELLANT'S CHARACTER AND RECORD, THEREBY FAILING TO GUIDE AND FOCUS THE JURY'S OBJECTIVE CONSIDERATION OF THE PARTICULARIZED CIRCUMSTANCES OF THE OFFENSE AND THE OFFENDER.

sues, and to avoid unnecessary duplication, these issues will be considered together.

The resolution of these issues requires a review of pertinent decisions of the United States Supreme Court. The Supreme Court first considered the constitutionality of Tex.Code Crim.Proc.Ann. art. 37.071 in *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). The Supreme Court held that art. 37.071 is constitutional when considered with the broad interpretations of the statute by this Court. In short, the statute allows for the consideration of mitigating circumstances through the jury's deliberation on the punishment issues.

■ The issue of mitigation and capital punishment next appeared in *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) wherein the Supreme Court stated, "[W]e conclude that the Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Lockett*, 438 U.S. at 604, 98 S.Ct. at 2964–5 (emphasis in original). There must be an individualized consideration of all mitigating factors available. However, the weight to be placed upon the mitigating evidence is wholly within the province of the fact finder. *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982).

In 1988 the Supreme Court addressed whether or not a separate instruction was required for the consideration of the mitigating evidence offered during trial. *Franklin v. Lynaugh*, 487 U.S. 164, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988). The sole evidence offered was Franklin's good behavior during previous incarcerations. The Supreme Court found this type of "mitigating evidence" could be considered within the scope of the second issue submitted under art. 37.071 and no additional instruction was required.

Appellant's claims herein are based upon the Supreme Court's decision in *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), decided the following term. In *Penry* the Supreme Court was presented with evidence of Penry's mental retardation, disadvantaged background and organic brain damage resulting in a poor impulse control and an inability to learn from experience. In *Penry* the Supreme Court held that art. 37.071 was unconstitutional, *as applied*, because the statute failed to provide the jury with a vehicle to give effect to the mitigating evidence. *Penry*, 109 S.Ct. at 2949. The punishment issues did not provide a "vehicle" for the effective consideration of Penry's mitigating evidence—the very nature of Penry's mitigating evidence answered the second issue in the affirmative.

Therefore, in considering the points raised by appellant herein, we must determine: 1) what "mitigating evidence" was presented to the jury; 2) whether the two punishment issues provided a "vehicle" for the jury to give "effect" to such evidence, and, if not, 3) whether the trial court provided, in its charge to the jury on punishment, a "vehicle" for the jury to effectively consider the mitigating evidence.[6]

■ Our review of the record reveals the following "mitigating evidence." Appellant was placed in a hospital for emotional problems, as well as a threat of suicide, approximately four weeks before the murders. We find that there is no evidence that appellant was ever convicted of a crime. In addition to this evidence, we find that the testimony by appellant's ex-wife concerning appellant's character and the testimony concerning his behavior while in-

**6.** We note that Tex.Code Crim.Proc.Ann. art. 37.071, as amended effective September 1, 1991, now requires that the following issue be presented to the jury:

Whether, taking into consideration all of the evidence, including circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, is there a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than death sentence be imposed? Mitigating evidence is evidence that might reduce the defendant's moral blameworthiness.

Tex.Code Crim.Proc.Ann. art. 37.071(b)(3).

carcerated to be mitigating. Having established the "mitigating evidence" we must now determine whether the issues in art. 37.071 provided a "vehicle" for the jury's effective consideration of the mitigating evidence.

█ In our opinion, the second issue provided the jury a vehicle with which to give effect to the mitigating evidence offered by appellant. The evidence presented herein does not show a long term mental illness which would affect appellant's ability to conform to the requirements of society. In fact the evidence presented shows no more than appellant's threats of suicide and a stay at a hospital on one occasion. *See, Ex Parte Ellis*, 810 S.W.2d 208, 212 (Tex.Cr. App.1991). There was no testimony concerning appellant's mental or emotional condition at the time of the offense. In determining whether or not an individual presents a continuing threat to society by the commission of violent acts, evidence such as the appellant's state of mind, the current conflicts with his spouse, and the absence of any criminal record is given effect within the scope of the punishment issues. Therefore, we hold that the refusal of appellant's requested instruction was proper; that the jury was allowed to express its "reasoned moral response" to appellant's mitigating evidence through the second issue; that the second issue provided a vehicle for the jury to give effect to appellant's evidence of emotional distress

and lack of criminal record; and, that by providing a vehicle for the consideration of mitigating evidence, art. 37.071 was not unconstitutional as applied to appellant. Accordingly, appellant's points of error one, two, three and twelve are overruled.

### III.

Appellant has alleged several points of error with regard to the admissibility of testimony from Dr. Clay Griffith, a psychiatrist who testified for the State. Again, in order to avoid duplication of argument, these points of error will be addressed together.[7] Appellant attacks not only the admissibility of Dr. Griffith's instant testimony, but also psychiatric testimony concerning future dangerousness in general.

█ The Texas Rules of Evidence govern the admissibility of expert testimony. If the trial court finds that a particular witness has specialized skill, training or education on a fact that is at issue before the court, and that the testimony of such witness will assist the jury, then such testimony is admissible. Tex.R.Crim.Evid. 702. It does not matter if the testimony is based upon facts or data learned prior to trial, if it is of a type reasonably relied upon by experts within the field. Tex.R.Crim.Evid. 703. The expert can further base his opinion partially on facts or data which is inadmissible, if such information is commonly

---

7. The specific points of error argued by appellant are:

Point of Error Number Five: THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING PSYCHIATRIC TESTIMONY FROM DR. E. CLAY GRIFFITH REGARDING THE PROBABILITY THAT APPELLANT WOULD COMMIT FUTURE ACTS OF CRIMINAL VIOLENCE BECAUSE DR. GRIFFITH HAS NO SPECIAL EXPERTISE WHICH WOULD PERMIT SUCH TESTIMONY.

Point of Error Number Six: THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING PSYCHIATRIC TESTIMONY FROM DR. E. CLAY GRIFFITH REGARDING THE PROBABILITY THAT APPELLANT WOULD COMMIT FUTURE ACTS OF CRIMINAL VIOLENCE BECAUSE THE PROBATIVE VALUE OF SUCH TESTIMONY IS OUTWEIGHED BY ITS PREJUDICIAL POTENTIAL.

Point of Error Number Seven: THE TRIAL COURT ABUSED ITS DISCRETION IN ADMIT-

TING PSYCHIATRIC TESTIMONY FROM DR. E. CLAY GRIFFITH REGARDING THE PROBABILITY THAT APPELLANT WOULD COMMIT FUTURE ACTS OF CRIMINAL VIOLENCE BECAUSE THE STATE FAILED TO MAKE A SHOWING THAT LAY JURORS ARE UNFAMILIAR WITH A BODY OF EXPERTISE WHICH IS RELEVANT TO THE RESOLUTION OF ANY MATTER AT ISSUE IN THE CASE.

Point of Error Number Eight: THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING PSYCHIATRIC TESTIMONY FROM DR. E. CLAY GRIFFITH REGARDING THE PROBABILITY THAT APPELLANT WOULD COMMIT FUTURE ACTS OF CRIMINAL VIOLENCE BECAUSE THERE IS NO EVIDENCE IN THE RECORD OF TECHNICAL OR SCIENTIFIC SUPPORT FOR THE TESTIMONY.

Point of Error Number Nine: THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S CHALLENGE TO DR. E. CLAY GRIFFITH'S QUALIFICATIONS AS AN EXPERT.

relied upon by experts within his field. *Nethery v. State*, 692 S.W.2d 686, 702 (Tex. Cr.App.1985). The trial court will examine the basis for such expert opinion and determine whether the disclosure of such facts would be more prejudicial than probative to the jury's consideration. Tex.R.Crim.Evid. 705.

■ Psychiatric testimony during the punishment phase of a capital case is admissible. *Barefoot v. Estelle*, 463 U.S. 880, 889, 103 S.Ct. 3383, 3397, 77 L.Ed.2d 1090 (1983). Such testimony may be produced by either the State or appellant. *Robinson v. State*, 548 S.W.2d 63 (Tex.Cr.App.1977). The burden lies with the party propounding such testimony to show that such testimony will assist the fact-finder and that the proposed witness possesses the requisite expertise required by Rule 702. *Holloway v. State*, 613 S.W.2d 497, 501 (Tex.Cr.App. 1981). The admission of such testimony lies within the sound discretion of the trial court and will not be set aside absent a showing of an abuse of that discretion. *Steve v. State*, 614 S.W.2d 137, 139 (Tex.Cr. App.1981).

■ In the instant case Dr. Griffith testified that he is a medical doctor who specializes in psychiatry and detailed his educational, professional experience, and teaching background. He had testified previously for the State and defense in a number of capital murder prosecutions. We find that Dr. Griffith's qualifications are not unlike those detailed in *Nethery v. State*, 692 S.W.2d 686 (Tex.Cr.App.1985), and, therefore, hold that the trial court did not abuse its discretion in this case.

Appellant argues that there is no scientific or technical support for the testimony of Dr. Griffith. Dr. Griffith testified concerning his education and "examining people who have committed crimes who have been sentenced to the penitentiary who have come back who I see again and again over more than 25 years." We hold that such testimony satisfied the requisites for the qualification of Dr. Griffith. *See*, Rule 702; an expert may be qualified on the basis of knowledge, skill, experience, training, or education.

■ Appellant further contends that the State failed to make a showing that lay jurors are unfamiliar with the body of expertise which was relevant to the resolution of the matters at issue in this case, namely future dangerousness, and, therefore, Dr. Griffith's testimony was not admissible. In reviewing the record we cannot find where appellant objected to this evidence and appellant's brief provides no support. Rule 702 simply requires that the trial court find that the knowledge possessed by the expert assist the fact-finder in resolving the issues before them. Art. 37.071 allows the admission of any relevant testimony. It is clear that the trial court deemed the testimony of Dr. Griffith relevant and helpful for the jury, and we can see no clear abuse of discretion. *See*, *Moore v. State*, 542 S.W.2d 664, 676 (Tex. Cr.App.1976).

Appellant next argues that the testimony of Dr. Griffith is inadmissible because the prejudicial potential outweighs its probative value. Tex.R.Crim.Evid. 403 provides for the exclusion of certain evidence if its probative value is *substantially* [8] outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[9] All testimony will be prejudicial to one party or the other. It is only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable. In reviewing the record before us we cannot say that the probative value of the psychiatric evidence was substantially outweighed by its prejudice. Accordingly, appellant's points of error five, six, seven, eight and nine are overruled.

---

**8.** Unless otherwise indicated, all emphasis herein is supplied by author.

**9.** Appellant's argument is governed by Tex. R.Crim.Evid. 403 rather than Tex.R.Crim.Evid. 705(d) in as much as his objection seems to be to the admission of Dr. Griffith's entire testimony.

## IV.

Lastly, appellant argues that the Texas capital sentencing scheme violates the Eighth and Fourteenth Amendments to the U.S. Constitution because the probability that one will commit future acts of violence is impossible to predict.[10] This issue has been addressed at length in the past. The holdings in *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976); *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1980); and *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) have all considered this issue and have found contrary to appellant's position. Likewise this Court has considered this issue many times, and we decline to reconsider it here. *See, Chambers v. State*, 568 S.W.2d 313 (Tex.Cr.App. 1978). Accordingly, appellant's eleventh point of error is overruled.

The judgment of the trial court is affirmed.

McCORMICK, P.J., and BENAVIDES, J., concur in the result.

CLINTON, J., dissents.

MALONEY, J., dissents to Part II.

B. Dwight Goains, Waco, Walter M. Reaves, Jr., West, for appellant.

Dan V. Dent, Dist. Atty., Hillsboro, Robert Huttash, State's Atty., Austin, for the State.

---

**10.** Point of Error Number Eleven: THE TEXAS DEATH PENALTY STATUTE PROVIDES FOR THE CAPRICIOUS IMPOSITION OF THE DEATH PENALTY IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION BECAUSE FUTURE DANGEROUSNESS OR THE PROBABILITY THAT ONE WILL COMMIT FUTURE ACTS OF VIOLENCE IS IMPOSSIBLE TO PREDICT.