**Ninfa Perez ORTIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00362–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 28, 1993.

Brian W. Wice, Houston, for appellant.

Michael J. Guarino, Mark J. Kelly, Galveston, Susan W. Burris, Friendswood, for appellant.

Before O'CONNOR, DUGGAN and WILSON, JJ.

## OPINION ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

O'CONNOR, Justice.

A jury convicted the appellant, Ninfa Perez Ortiz, of attempted murder and found she used a deadly weapon in the commission of the offense. After rejecting her application for probation, the jury assessed punishment at eight-years confinement. We affirm.

On original submission, the appellant asserted seven points of error.[1] We reversed the conviction and remanded for a new punishment proceeding, holding the trial court erred in admitting testimony from a psychiatrist at the punishment phase of trial. The psychiatrist, Dr. Gripon, stated the appellant would not make a "suitable" candidate for probation. *Ortiz v. State,* 781 S.W.2d 399, 403 (Tex.App.—Houston [1st Dist.] 1989). The Texas Court of Criminal Appeals granted the State's petition for discretionary review and found this Court had erred in failing to measure the trial court's decision to admit the testimony against an abuse of discretion standard. *Ortiz v. State,* 834 S.W.2d 343, 348 (Tex. Crim.App.1992). The court remanded the case to us to decide the issue of abuse of discretion. In a footnote, the Court of Criminal Appeals invited us to consider whether the appellant preserved the error in the ruling. Thus, in this opinion, we

examine whether: (1) the issue of admission of evidence was preserved for review; and (2) the trial court abused its discretion in admitting Dr. Gripon's testimony.

For a factual background, we refer the reader to our original decision. *Ortiz,* 781 S.W.2d at 400–401.

### Preservation of error

■ In footnote 9, the Court of Criminal Appeals suggested the appellant did not preserve the issue on the admission of Dr. Gripon's testimony, because her trial objection did not comport with her appellate objection. *Ortiz,* 834 S.W.2d at 346 n. 9.

At trial, the defense counsel objected to Dr. Gripon's testimony as follows:

[Dr. Gripon] is going to testify to offense reports submitted, other documentations, the one statement he mentioned of Mr. Ortiz.... He's never examined my client. I don't know if the basis for his opinion, which are those documents, are accurate. I would object to his testimony. It would be one thing if he would have examined her, but what he's got is a second- and third-hand hearsay, and we have to depend on whether that third-hand hearsay is in fact true.

In her second point of error, the appellant alleged the trial court should not have permitted Dr. Gripon to testify as an expert about the appellant's suitability for probation. In her argument under that point, the appellant contends Dr. Gripon's expert testimony was inadmissible, because (1) it invades the province of the jury; (2) it opens up a battle of the experts; (3) he relied on documents not in evidence; and (4) his opinion was not sought through hypothetical questions.

We hold the appellant did not preserve the issue we reached in our initial opinion, that Dr. Gripon's testimony should have been excluded as prejudicial under Tex. R.Crim.Evid. 403. *Ortiz,* 781 S.W.2d at 403. The only issue the appellant preserved regarding her objection to Dr. Gripon's testimony is whether the court erred in permitting the State to elicit that testi-

---

**1.** Only the first and second points of error were published.

mony, because it relied on documents of third parties. The appellant argued Dr. Gripon's expert opinion testimony was founded on sources outside the record and thus beyond the reach of cross-examination.

Based on this objection, the trial judge was not called upon to determine if the probative value was substantially outweighed by the danger of unfair prejudice with regard to Rules of Criminal Evidence 403 and 702.

**The admission of Dr. Gripon's testimony**

In her second point of error, the appellant claims the trial court should not have permitted Dr. Gripon to testify as an expert about the appellant's suitability for probation. The appellant only preserved error on the admissibility of testimony relying on documents of third parties.

At the punishment stage of trial, the appellant introduced the testimony of several witnesses who said she had a good reputation for being a law-abiding citizen and would be a good candidate for probation. Her witnesses included the victim of the crime, friends, relatives, and former and current employers. The appellant also testified on her own behalf.

The State re-offered all of the evidence from the guilt phase and the testimony of Dr. Gripon. Dr. Gripon testified that he examined the offense reports filed by the police, the written statement of Richard Ortiz, the victim, the written statements of the appellant, and the reports of Dr. Toby Myers and Dr. Dru Copeland. He did not examine the appellant. Dr. Gripon testified that based on his examination of the documents and his training in psychiatry, it was not necessary to examine the appellant in order to make some predictions, recom-

mendations, or reach conclusions regarding the appellant's suitability for probation. After testifying at length about the characteristics of a victim of abuse, Dr. Gripon stated, in his opinion, the appellant did not fit the profile of a battered spouse. He concluded the appellant was not a good candidate for probation.

▇ The admission of such testimony lies within the sound discretion of the trial court and will not be set aside absent a showing of an abuse of that discretion. *Joiner v. State,* 825 S.W.2d 701, 708 (Tex. Crim.App.1992); *Ponce v. State,* 828 S.W.2d 50, 51 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd).

▇ After re-examining the record, we find the trial court did not abuse its discretion in admitting Dr. Gripon's testimony. Under Rules of Criminal Evidence 703,[2] an expert may base his opinion on facts or data made known to him at or before the hearing. *Joiner,* 825 S.W.2d at 707. The trial court will examine the basis for such expert opinion and determine whether the disclosure of such facts would be more prejudicial than probative to the jury's consideration. *Joiner,* 825 S.W.2d at 708. It does not matter if the expert's testimony is based upon facts or data learned before trial, if it is of a type reasonably relied upon by experts within the field. Tex. R.Crim.P. 703; *Joiner,* 825 S.W.2d at 708.

We overrule the appellant's second point of error and affirm.

---

**2.** Tex.R.Crim.Evid. 703 reads:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, *the facts or data need not be admissible in evidence.* (Emphasis added.)