IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00366-CR

 

Beverly Latimer,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 31,022

 



O p i n i o n










 

            Beverly Latimer was convicted by a
jury of capital murder and automatically received a sentence of imprisonment
for life without the possibility of parole.  Tex.
Pen. Code Ann. §§ 19.03; 12.31 (Vernon 2005).  Latimer complains that
the trial court erred by denying her motion for continuance, by allowing expert
testimony, by admitting prejudicial photographs, by allowing the testimony of a
witness, and that the evidence was both legally and factually insufficient for
the jury to have found her guilty of capital murder.  Because we find no abuse
of discretion regarding the continuance, the expert testimony, or the admission
of photographs, that the issue regarding the witness testimony was waived, and
that the evidence was legally and factually sufficient, we affirm the judgment
of the trial court.

Motion for Continuance

We review a trial court’s ruling on a motion for
continuance for abuse of discretion.  Gallo v. State, 239 S.W.3d 757,
764 (Tex. Crim. App. 2007); Janecka v. State, 937 S.W.2d 456, 468 (Tex.
Crim. App. 1996).  To establish an abuse of discretion, there must be a showing
that the defendant was actually prejudiced by the denial of his or her motion.  Gallo, 239 S.W.3d at 764; Janecka,
937 S.W.2d at 468.  A bare assertion that counsel did not have adequate time to
prepare for trial is not sufficient proof of prejudice.  See Renteria v.
State, 206 S.W.3d 689, 702 (Tex. Crim. App. 2006); Heiselbetz v. State,
906 S.W.2d 500, 512 (Tex. Crim. App. 1995).

Latimer personally filed a hand-written motion for
continuance on September 5, 2008, after the start of jury selection.  Her
motion stated that she did not feel that her attorneys were ready because they
had not had adequate time to review their expert’s report that had been
received on September 1, 2008, because her attorneys had been advising her that
they needed three to four weeks to review the report when received.  It is
apparent that Latimer’s attorneys had difficulty in receiving necessary items
for testing from the forensic laboratory and a medical center that had those
items in their custody or control, and those items were not fully received
until sometime in August of 2008.  We note, however, that they did not first
request those items until March of 2008, which was approximately a year and a
half after Latimer’s arrest.  Additionally, at the hearing on the motion for
continuance, Latimer’s attorneys did not request more time to prepare, but
allowed Latimer to testify as to why she felt a continuance was needed.  

During the trial, Latimer’s attorneys
cross-examined the State’s witnesses vigorously and Latimer’s own expert
testified at trial beginning on September 16, 2008.  They did, however, for the
first time, list things they would have done if given more time at the motion
for new trial hearing.  The record does not demonstrate that Latimer was
prejudiced by the denial of her motion.  The trial court did not abuse its
discretion in denying Latimer's motion.  We overrule issue one.

Expert Witness Testimony

            Latimer complains that the trial court
erred by allowing Dr. Jayme Coffman, an expert for the State, to testify as to
the cause of death of the child because she was not an expert in the field of
pathology.  Dr. Coffman had been the medical director at Cook Children’s Medical Center since January of 2000.  She was board certified in pediatrics in 1991, and
had extensive experience in dealing with child abuse victims on a daily basis,
some of whom had died as a result of their injuries.  She testified as to her
methodology for determining whether a particular injury was the result of abuse
or maltreatment, which included interviews with all relevant people and a
review of any internal testing conducted, including CT’s, MRI’s, and skeletal
surveys.  She had extensive training and attended many seminars and would read
any literature available on the subject of child abuse.  She had also studied
autopsies and literature regarding autopsies.  If she had a child patient who
died, she would follow through and speak with the medical examiner, and conduct
a fatality review.  Dr. Coffman had seen many autopsies with similar injuries
as to those of the child in this case, and was experienced in interpreting
pictures and autopsy reports.

            Dr. Coffman testified that she had
spoken with the medical examiner several times, had reviewed the autopsy report
and photographs, reviewed all of the medical records including those from prior
injuries, and reviewed all of the foster care and historical documentation
regarding the child’s psychological and developmental health.

            We review the admission of expert testimony
for an abuse of discretion.  Joiner v. State, 825 S.W.2d 701, 708 (Tex. Crim. App. 1992).  Rule 702 of the Texas Rules of Evidence governs the admission of
expert testimony.  See Tex. R.
Evid. 702.  Rule 702 states, 

If scientific, technical, or other specialized
knowledge will assist the trier of fact to understand the evidence or to
determine a fact in issue, a witness qualified as an expert by knowledge,
skill, experience, training, or education may testify thereto in the form of an
opinion or otherwise. 

 

Tex. R. Evid. 702.

Thus, before admitting
expert testimony under Rule 702, the trial court must be satisfied that three
conditions are met:  (1) the witness qualifies as an expert by reason of his or
her knowledge, skill, experience, training, or education; (2) the subject
matter of the testimony is an appropriate one for expert testimony; and (3)
admitting the expert testimony will actually assist the fact-finder in deciding
the case.  Rodgers v. State, 205 S.W.3d 525, 527 (Tex. Crim. App. 2006)
(citing Alvarado v. State, 912 S.W.2d 199, 215-16 (Tex. Crim. App. 1995).

Because the possible
spectrum of education, skill, and training is so wide, a trial court has great
discretion in determining whether a witness possesses sufficient qualifications
to assist the jury as an expert on a specific topic in a particular case.  See
Joiner v. State, 825 S.W.2d 701, 708 (Tex. Crim. App. 1992); Steve v.
State, 614 S.W.2d 137, 139 (Tex. Crim. App. 1981).  For this reason, we
rarely disturb the trial court's determination that a specific witness is or is
not qualified to testify as an expert.  Wyatt v. State, 23 S.W.3d 18, 27
(Tex. Crim. App. 2000) ("The question of whether a witness offered as an
expert possesses the required qualifications rests largely in the trial court's
discretion.  Absent a clear abuse of that discretion, the trial court's
decision to admit or exclude testimony will not be disturbed.").  We do
not find that based on Dr. Coffman’s qualifications that the trial court abused
its discretion by allowing the testimony.  We overrule issue two.

Admission of Evidence

            Latimer complains that the trial court
erred by admitting two photographs of the child taken after he was deceased
because their prejudicial value substantially outweighed their probative
value.  See Tex. R. Evid.
403.  We review the admission of evidence for an abuse of discretion.  Gallo
v. State, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007); Shuffield v. State,
189 S.W.3d 782, 787 (Tex. Crim. App. 2004); Paredes v. State, 129 S.W.3d
530, 539 (Tex. Crim. App. 2004).      

As a general rule, a photograph is admissible if
verbal testimony regarding what is depicted in the photograph is also
admissible and the probative value of the photograph is not substantially
outweighed by any of the factors we use in a rule 403 analysis.  Threadgill
v. State, 146 S.W.3d 654, 671 (Tex. Crim. App. 2004); Williams v. State,
958 S.W.2d 186, 195 (Tex. Crim. App. 1997); Long v. State, 823 S.W.2d
259, 271 n.18 (Tex. Crim. App. 1991).  Rule 403 of the rules of evidence favors
the admissibility of relevant evidence, and the presumption is that relevant
evidence will be more probative than prejudicial.  Shuffield, 189 S.W.3d
at 787; Long, 823 S.W.2d at 271.  An abuse of discretion arises only
when the probative value of the photographs is small and its inflammatory
potential is great.  Long, 823 S.W.2 at 271.

In determining whether the trial judge erred in
admitting a certain photograph, we first consider the form, content, and
context of the photograph.  Erazo v.
State, 144 S.W.3d 487, 492 (Tex. Crim. App. 2004); Long, 823 S.W.2d
at 271-73 (court should consider number of exhibits offered; gruesomeness,
detail, and size of photographs; whether photographs are black and white or in
color; whether they are close-up; whether body is naked or clothed; and
availability of other means of proof and circumstances unique to each
individual case).  We then consider (1) the probative value of the evidence;
(2) the ability of the photograph to impress the jury in some irrational yet
indelible way; (3) the time needed to develop the evidence; and (4) the
proponent’s need for the evidence.  Shuffield, 189 S.W.3d at 787; Erazo,
144 S.W.3d at 492-96.

There were fifteen color photographs taken of the
child at the hospital after his death admitted into evidence through one of the
responding paramedics.  They were approximately 8” by 11” in size.  Some were
close up, some were not.  Latimer complains of the admission of only two of the
photographs.  

The complained-of photographs show certain
injuries sustained by the victim and were offered at the end of the State’s
direct examination.  The first complained-of photograph depicts the child at
the hospital taken shortly after his death with the child’s eyes open and shows
bruising on the child’s body, including his chest and face.  The second
complained-of photograph depicts the child after death with his arm
straightened out which shows a slight bruise on the arm and also the child’s
face with his eyes open.  

Although the photographs depict gruesome details,
they are no more gruesome than the facts of this case.  See Shuffield,
189 S.W.3d at 788 (photographs only showed victim’s injuries and were no more
gruesome than expected); Sosa v. State, 230 S.W.3d 192, 196 (Tex. App.—Houston
[14th Dist.] 2005, pet. ref’d) (prejudice caused by photographs did not
substantially outweigh their probative value; photographs were no more gruesome
than facts of the offense).  

Furthermore, we conclude the photographs provided
a necessary visual component to, and understanding of, the paramedics’
testimony regarding what they observed regarding the nature and extent of the
victim's injuries.  Both of the responding paramedics testified that the
child’s pupils were “blown,” that the child had bruising on his chest with an
unknown origin, and had what was described as a hand stripe bruise on his arm. 
These injuries were in addition to the “battle” bruising behind the child’s
ear, the dehydrated appearance of his lips and gums, the multiple areas of
bruising on the child’s head, face, arms, and legs depicted in the other
photographs, of which Latimer does not complain.  The photographs were
probative because they showed the full extent and arguably non-accidental
nature of a number of those injuries.  See Gallo, 239 S.W.3d at 763; Salazar,
38 S.W.3d at 147-53.  Thus, they were necessary for the State to develop its
case.  

When considered in light of the facts of this
case, we conclude the autopsy photographs are not overly prejudicial and did
not pose the danger of influencing the jury in an irrational way.  The State
spent little time authenticating the photos through that witness.  Accordingly,
the trial court did not abuse its discretion by admitting the autopsy
photographs.  We overrule issue three.

Admission of Witness Testimony

Latimer complains that the trial court erred by
allowing testimony regarding an incident that had occurred in a grocery store
some time the week before the child’s death that involved Latimer allegedly
requiring the young children, ages approximately four and five, in the store
with her to keep their hands on the grocery cart at all times.  The witness
observed Latimer get angry with one child when she took her hands off of the
cart.  The child went backward and knocked over some chili.[1]  Latimer grabbed the child and the child
had to put her hands back on the cart.  The child was crying, although not
audibly.  The children kept their hands on the cart throughout their
conversation, which lasted approximately thirty minutes.

Latimer complains that this testimony was
inadmissible because it did not allege a bad act; that she did not receive the
required notice of the extraneous offense or bad act; and that its probative
value was substantially outweighed by its prejudicial effect.  

Latimer does not present any authority relating to
her arguments on appeal as to why the act does not constitute a bad act or why
the State’s notice was inadequate.  The sole legal reference in this entire
issue is a regurgitation of rule 404(b).  This is insufficient.  In order to
properly present an issue to this Court, citations to appropriate authorities
is required.  See Tex. R. App. P.
38.1(h).  Therefore, this issue is inadequately briefed, and therefore, is
waived.  See Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App.
1996) (“It is incumbent upon appellant to cite specific legal authority and to
provide legal arguments based upon that authority.”).  We overrule issue four.

Legal and Factual Sufficiency

Latimer complains that the evidence was both legally
and factually insufficient for the jury to have found that she caused the death
of the child because there was competing testimony regarding the timing of the
head injury or injuries and inconsistencies in the testimony of certain of the
State’s witnesses.

In reviewing the legal sufficiency of the evidence
to support a conviction, we view all of the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979); Clayton v. State, 235 S.W.3d 772,
778 (Tex. Crim. App. 2007).  Furthermore, we must consider all the evidence
admitted at trial, even improperly admitted evidence, when performing a legal
sufficiency review.  Clayton, 235 S.W.3d at 778; Moff v. State,
131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004).  The standard of review is the
same for direct and circumstantial evidence cases; circumstantial evidence
is as probative as direct evidence in establishing an actor’s guilt.  Clayton,
235 S.W.3d at 778; Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App.
2007).

When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Steadman v. State, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). 
We then ask whether the evidence supporting the conviction, although legally
sufficient, is nevertheless so weak that the fact-finder’s determination is
clearly wrong and manifestly unjust or whether conflicting evidence so greatly
outweighs the evidence supporting the conviction that the fact-finder’s
determination is manifestly unjust.  Steadman, 280 S.W.3d at 246; Watson,
204 S.W.3d at 414-15, 417.  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, although legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at 417.

Unless we conclude that it is necessary to correct
manifest injustice, we must give due deference to the fact-finder’s
determinations, “particularly those determinations concerning the weight and
credibility of the evidence.”  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000); see Steadman, 280 S.W.3d at 246.  Evidence is always
factually sufficient when it preponderates in favor of the conviction.  Steadman,
280 S.W.3d at 247; see Watson, 204 S.W.3d at 417.

In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that we “harbor a subjective level of
reasonable doubt to overturn [the] conviction.”  Watson, 204 S.W.3d at
417.  We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided the question differently than the
jury or because we disagree with the jury’s resolution of a conflict in the
evidence.  Id.  We may not simply substitute our judgment for the
fact-finder’s.  Johnson, 23 S.W.3d at 12; Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that
a different result is appropriate, we must defer to the jury’s determination of
the weight to be given contradictory testimonial evidence because resolution of
the conflict “often turns on an evaluation of credibility and demeanor,
and those jurors were in attendance when the testimony was delivered.”  Johnson,
23 S.W.3d at 8.  Our deference in this regard safeguards the defendant’s right
to a trial by jury.  Lancon v. State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008).  A factual sufficiency review of circumstantial evidence is the same
as a review of direct evidence.  King v. State, 29 S.W.3d 556, 565 (Tex.
Crim. App. 2000); Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App.
1999) (reasoning that “[c]ircumstantial evidence, by itself, may be enough to
support the jury’s verdict”).

It is undisputed by the testifying experts, both
for the State and Latimer that the child died from blunt force trauma to the
head.  The medical examiner and Dr. Coffman both testified that the blunt force
trauma could not have occurred days before the child’s death because of the
severity of the injury to the child’s brain.  The child did not exhibit any
symptoms or odd behavior on the days before and the morning of his death. 
Latimer was the only adult present the morning of the child’s death.  Latimer made
statements to various sources around the time of the child’s death that the
child had gotten out of his play yard more than once that morning, and while
she was cooking lunch, that she was exhausted because the child would get out
of his play yard at night, and that the child was clingy and required a lot of
one on one attention.  Other witnesses described the angry and harsh treatment
of the deceased child and the other children in her home.  We find that the
evidence was legally sufficient for the jury to have found beyond a reasonable
doubt that Latimer caused the child’s death.

Latimer contends that statements by the two
paramedics, the nurse who treated the child at the hospital, and a social
worker who placed the child with Latimer gave different details at trial from
that which were in written and oral statements given before trial.  Latimer
contends that these inconsistencies, taken with their expert’s testimony that
the child’s brain injury occurred prior to the child’s placement in Latimer’s home
render the evidence factually insufficient.  However, it is the province of the
jury to determine the credibility of the witnesses.  Johnson, 23 S.W.3d
at 9.  We cannot say that the evidence was so weak that the fact-finder’s
determination is clearly wrong and manifestly unjust or that the conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder’s determination is manifestly unjust.  See Steadman, 280
S.W.3d at 246; Watson, 204 S.W.3d at 414-15, 417.  We overrule issue
five.

Conclusion

               We find no abuse of discretion by
the trial court by denying Latimer’s motion for continuance.  We also find no
abuse of discretion by the trial court in the admission of the expert testimony
by Dr. Coffman or in the admission of the two photographs.  We find the issue
regarding the testimony of the witness regarding an extraneous offense or bad
act to have been waived due to inadequate briefing.  The evidence was both
legally and factually sufficient to sustain the conviction.  We affirm the
judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

            (Justice
Davis joins the opinion in part and concurs in part.  Justice Davis joins the
Court on overruling issues one, two, three and five.  Justice Davis concurs in
overruling issue four on the briefing of appellant and appellee and does not
find the briefing inadequate and thus, the issue not waived.)

Affirmed

Opinion
delivered and filed April 28, 2010

Publish

[CRPM]









[1] The record is not clear as to what precisely fell
over in the testimony, whether it was a display, a single can, or multiple cans
of chili.