**AFFIRM; and Opinion Filed April 19, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00420-CR

**JESSE MARK LANPHERE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-80833-2019**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Kennedy

Jesse Mark Lanphere appeals his conviction for continuous sexual abuse of a child. In a single issue, appellant asserts the trial court erred in allowing an unqualified witness to testify as an expert on the concepts of "script" and "episodic" memory. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a child and aggravated sexual assault of a child. The State later abandoned the charge of

aggravated sexual assault of a child, and appellant pleaded not guilty to the remaining charge.

The complainant, A.L., is the biological daughter of appellant. At the time of trial, she was seventeen years old. A.L. testified that appellant began to sexually abuse her when she was approximately ten years old. A.L. described the assaults in general terms, stating the assaults usually happened during the daytime, in her room, when no one else was around. A.L. was able to provide some sensory detail but when it came to specific details, A.L. testified that "my memories kind of just blur together because it would be the same situation, so there would not really be a way to differ them from each other." The few instances A.L. specifically described were violent encounters with appellant chasing or grabbing her and forcing her to engage in sexual conduct.

Lisa Martinez, the Director of Case Management and Forensic Services at the Collin County Children's Advocacy Center, conducted the second of two interviews of A.L. At trial, she testified about the interview and about the formation of "script" and "episodic" memories in the context of children's abilities to recall and relate details of trauma after the fact.[1] It is her testimony concerning memory recall that is the subject of appellant's complaint on appeal. With respect to the differentiation between script and episodic memories, Martinez indicated that script memory is

---

[1] Martinez made it clear that she was not there to say whether or not the abuse occurred, and she was not testifying regarding the veracity of any witness.

"when you are retrieving a memory of something you do all the time," and is commonly expressed in generalizations such as "usually" and "typically." "[E]pisodic is one episode specifically versus script is something you usually do." Martinez related these concepts to children's description of abuse and stated that children who are chronically abused often lose details of the abuse to script memory due to sheer repetition of events. She further stated that, in the context of a forensic interview, a child's use of certain verbs, such as usually, are indicators of script memory.

Appellant's defensive theory was that A.L.'s mother coached, or at least encouraged, A.L. to fabricate allegations of abuse by appellant. In support thereof, the defense put on evidence that A.L.'s mother was vindictive toward appellant, attempted to alienate his children from him, and routinely threatened to accuse him of abuse and rape. Appellant claimed A.L.'s inability to recall details of the alleged abuse supports his defensive theory.

The jurors unanimously found appellant guilty of the offense of continuous sexual abuse of a child as charged in the indictment and assessed punishment at 25 years' confinement in the Texas Department of Criminal Justice-Correctional Institutions Division. This appeal followed.

## DISCUSSION

Appellant contends the trial court abused its discretion in permitting Martinez to testify concerning children's ability to describe in detail repeated acts of abuse

because she was not qualified to testify about children's memories and her opinions were untested and unsupported. According to appellant, Martinez presented virtually no evidence of training or education on the subject of memory, did not establish that the theories underlying her testimony were peer reviewed or accepted in the field, and did not show that her testimony properly used or applied those theories in any reliable way. The State responds asserting Martinez is qualified to testify about children's memories and that appellant failed to preserve any complaint about the reliability of her opinions. We agree with the State.

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Rodgers v. State*, 205 S.W.3d 525, 527 (Tex. Crim. App. 2006). The trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

An expert witness may offer an opinion if he is qualified to do so by his knowledge, skill, experience, training, or education and if scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or determining a fact in issue. TEX. R. EVID. 702. Three requirements must be met before expert testimony can be admitted: "(1) the witness qualifies as an expert by reason of his knowledge, skill, experience, training, or education; (2) the subject matter of the testimony is an appropriate one for expert testimony; and (3) admitting the expert testimony will actually assist the fact-finder in deciding the case." *Vela*

*v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006). These conditions are commonly referred to as (1) qualification, (2) reliability, and (3) relevance. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). The three requirements raise distinct questions and issues, and an objection based on one does not preserve error as to another. *Whittley v. State*, No. 05-21-00534-CR, 2022 WL 3645589, at *5 (Tex. App.—Dallas Aug. 24, 2022, no pet.) (mem. op., not designated for publication) (citing *Shaw v. State*, 329 S.W.3d 645, 655 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd)), *see also Gregory v. State*, 56 S.W.3d 164, 182 (Tex. App.— Houston [14th Dist.] 2001, pet. dism'd) ("[o]bjections based simply on Rule 702 and *Daubert* alone" are general objections that do not preserve error).

Appellant objected to Martinez's testimony concerning memories asserting she lacked the requisite qualification to speak as an expert on the topic. While appellant generally referenced Rule 702 in connection with Martinez's testimony in the trial court, such reference did not preserve a specific complaint for review. *See Gregory*, 56 S.W.3d at 182. Appellant did not object to the reliability of Martinez's testimony in the trial court. His challenge to the reliability of her testimony is, therefore, not preserved for our review. TEX. R. APP. P. 33.1(a). Accordingly, we limit our review to appellant's complaint regarding Martinez's qualification to opine on the issue of "script" versus "episodic" memory.

No precise formula exists for determining whether a particular witness is qualified to testify as an expert. *Matson v. State*, 819 S.W.2d 839, 852, n.10 (Tex.

–5–

Crim. App. 1991). The specialized knowledge that qualifies a witness to offer an expert opinion may be derived from specialized education, practical experience, a study of technical works or a combination of these things. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). An expert witness is not required to always demonstrate formal training, and the expert may instead gain expertise in a particular field solely through his or her own personal experience or research. *Morris v. State*, 361 S.W.3d 649, 656 (Tex. Crim. App. 2011). Because the possible spectrum of education, skill, and training is so wide, the trial court has great discretion in determining whether a witness possesses sufficient qualification to assist the jury as an expert on a specific topic in a particular case. *Rodgers*, 205 S.W.3d at 527–28 (citing *Joiner v. State*, 825 S.W.2d 701, 708 (Tex. Crim. App. 1992)). In addition to having sufficient background in a particular field, the trial court must determine that the witness's background is tailored to the specific area of expertise in which the expert desires to testify. *Vela*, 209 S.W.3d at 133.

We may consider several criteria in assessing whether a trial court has clearly abused its discretion in ruling on an expert's qualifications. First, is the field of expertise complex? *Rodgers*, 205 S.W.3d at 528. The degree of education, training, or experience that a witness should have before he can qualify as an expert is directly related to the complexity of the field about which he proposes to testify. *Id.* If the expert evidence is close to the jury's common understanding, the witness's qualifications are less important than when the evidence is well outside the jury's

own experience. *Id.* Second, how conclusive is the expert's opinion? *Id.* The more conclusive the expert's opinion, the more important is his degree of expertise. *Id.* Testimony that a given profile occurred one time in 2.578 sextillion, a number larger than the number of known stars in the universe, requires a much higher degree of scientific expertise than testimony that the defendant's tennis shoe would have made the bloody shoe print found on a piece of paper in the victim's apartment. *Id.* And third, how central is the area of expertise to the resolution of the case? *Id.* The more dispositive it is of the disputed issues, the more important the expert's qualifications are. *Id.* If DNA is the only thing tying the defendant to the crime, the reliability of the expertise and the witness's qualifications to give his opinion are more crucial than if eyewitnesses and a confession also connect the defendant to the crime. *Id.*

The record establishes Martinez has a bachelor's degree in psychology from the University of Houston, is trained (1) in interviewing and questioning children, (2) on linguistics, and (3) on the process of disclosure. She has performed more than 3,000 forensic interviews since 2004. Her forensic interviews are peer-reviewed regionally on a quarterly basis and internally on a weekly basis. She keeps up to date with current trends and research that may be relevant to forensic interviewing. We conclude Martinez has a sufficient background in the field of memory recall and her background is tailored to discuss "script" versus "episodic" memory. *See State v. Ruiz*, No. 49719-1-II, 2018 WL 4091733, at \*7 (Wash. Ct. App. Aug. 28, 2018)

(witness's training, experience, professional observations, and knowledge, qualified her to testify about child memory and recantation).

With respect to the criteria we consider in assessing whether the trial court clearly abused its discretion in determining the qualification of an expert witness, we note that Martinez's testimony was not highly technical or complex. *See, e.g.*, *Roberts v. State*, No. 08-19-00029-CR, 2019 WL 7046756, at *4–5 (Tex. App.—El Paso Dec. 23, 2019, pet. ref'd) (not designated for publication) (expert testimony on behavior of sexually abused children was not highly technical or complex). Moreover, Martinez's testimony, while related to the lack of detail in A.L.'s testimony regarding the abuse, generally related to a cognitive trait and was not conclusive or dispositive. *See, e.g.*, *Maillart v. State*, No. 08-20-00232-CR, 2022 WL 970334, at *11 (Tex. App.—El Paso Mar. 31, 2022, pet. ref'd) (not designated for publication) (testimony about behavioral traits of trauma victims was not conclusive or dispositive).

We conclude the trial court did not abuse its discretion in overruling appellant's objection to the qualification of Martinez and permitting Martinez to testify regarding "script" and "episodic" memories. Accordingly, we overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Do Not Publish
Tex. R. App. P. 47

220420F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JESSE MARK LANPHERE,
Appellant

No. 05-22-00420-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas Trial Court Cause No. 380-80833-2019.
Opinion delivered by Justice Kennedy. Justices Pedersen, III and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of April, 2023.