In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00004-CR

____________


PETE LAVARD RICHARDSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court 

Harris County, Texas

Trial Court Cause No. 1044020






MEMORANDUM OPINION

 A jury found appellant, Pete Lavard Richardson, guilty of compelling
prostitution of a person younger than 17 years of age. See Tex. Pen. Code Ann. §
43.05(a)(2) (Vernon 2003). Having granted the State's motion to amend the
indictment to allege four enhancement paragraphs for prior Florida felony
convictions, the trial court rejected appellant's plea of "not true," found the
enhancements true, and assessed appellant's punishment at life in prison. See 
Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2006) In two points of error,
appellant contends that he was improperly denied permission to voir dire an expert
witness, and that the witness's testimony was not relevant to the case. We affirm
the judgment of the trial court as modified herein. 

Factual Background

 Complainant was 12 years old when she left her home in Florida and began
working as a prostitute. She left school after the eighth grade and had been
working for a pimp in Florida for less than a year when she met appellant. 
Appellant hesitated to be her pimp because she was so young, but became her pimp
after she paid him a "choosing fee," an amount of money that a potential prostitute
pays to a pimp to become one of the pimp's prostitutes. 

 Appellant provided complainant with shelter, food, clothing, and,
particularly at the beginning of their relationship, care and affection; he was
"there" for her and told her that he loved her. In return, she prostituted herself and
gave her earnings to appellant. She set a goal to earn $1,500 per night as the
amount of money that would keep appellant "happy." She wanted to please
appellant and knew his "rules." She knew not to speak to other pimps or make eye
contact with them, because that would indicate a wish to associate with them,
instead of with appellant. When appellant became angry with complainant, he
would curse her, hit her, or accuse her of "not being a good whore." 

 Complainant was 16 years old and had just stopped working for another
pimp in March 2005, when she began working again for appellant and left Florida
with him and another prostitute. The plan was to drive to California, but the trio
stopped in Houston for about a week so that complainant and her companion could
work and earn money. Appellant planned the trip, decided to make the stop in
Houston, and chose the location where complainant worked. Appellant promised
to buy a house for complainant after the trip to California so that she could retire. 
In Houston, complainant and the older prostitute worked from the same location, a
strip center near Hillcroft Road and Highway 59, where a hotel was located nearby. 
While working, she used a cell phone to keep in touch with appellant, who tracked
her earnings. 

 Houston Police officers and agents of the Federal Bureau of Investigation
(FBI) were working together in March 2005 on a project focused on crimes against
children. On March 11, 2005, Houston Police Officer C. Simon, posing as a
potential customer, approached complainant and negotiated a transaction by which
complainant would provide sex to Simon for $80. After complainant entered
Simon's car, FBI Special Agent P. Fransen followed in a different car. When
Officer Simon gave the signal, Special Agent Fransen stopped Simon's car and
arrested complainant. Other officers operating the sting arrested the second
prostitute, who, with complainant, identified appellant as their pimp; they
described the car he was driving and indicated the hotel where the trio was staying. 
Appellant was arrested as he was attempting to leave the hotel. Police later
recovered a digital recorder that appellant used to record his telephone
conversations with complainant. 

Refusal to Permit Voir Dire of Special Agent Fransen


 During its case-in-chief, the State questioned Special Agent Fransen
concerning his experience with crimes against children, in particular, adults who
exploit children and molest them sexually through prostitution. Appellant
contends that the State offered Special Agent Fransen as an expert, and that the
trial court erred by refusing to permit appellant to conduct a voir dire examination
of Fransen, outside the presence of the jury, concerning the underlying facts on
which he based his opinion. See Tex. R. Evid. 705(b) (mandating that opponent of
expert testimony be permitted to examine expert, outside jury's presence,
concerning facts or data underlying opinion before expert testifies concerning
those facts or data). Denial of a timely request for a Rule 705(b) hearing may be
reversible error, because the rule is mandatory in criminal cases. Alba v. State, 905
S.W.2d 581, 588 (Tex. Crim. App. 1995); Harris v. State, 133 S.W.3d 760, 773
(Tex. App.--Texarkana 2004, pet. ref'd). 

 Pursuant to rule 701 of the Rules of Evidence, however, a witness may offer
testimony in the form of opinions or inferences if the testimony is (1) rationally
based on the perception of the witness and (2) helpful to a clear understanding of
his testimony or the determination of a fact issue. Tex. R. Evid. 701. (1) We review
a trial court's decision whether to admit or exclude testimony under rule 701 for
abuse of discretion, and we will reverse only if the trial court abused its discretion. 
Joiner v. State, 825 S.W.2d 701, 708 (Tex. Crim. App. 1992). If the record
supports the ruling, we must affirm. See Alvarado v. State, 853 S.W.2d 17, 23
(Tex. Crim. App. 1996). As the Court of Criminal Appeals has recognized, a
"distinct line . . . between lay opinion and expert testimony" does not exist. 
Osbourn v. State, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002).

 The record in this case establishes that the prosecutor had established the
following, without objection, before appellant asked to conduct the voir dire
examination of Special Agent Fransen: Fransen had worked almost eight years
with the FBI in various capacities; his work in Houston is with the violent crimes
division of the FBI; his last year and seven months focused on crimes against
children; his squad consists of eight or nine agents; he and another agent, a female,
specialize in child prostitution through a national initiative called "Innocence
Lost"; the mandate for his division is to identify adults who molest child victims
by exploiting them through prostitution; many child victims have grown up
without parental supervision; the majority have been molested as children; they
have low self-esteem, physical and emotional problems and have been abused
sexually, physically, or mentally; "they are innocent children [who] have no
guidance"; having interviewed "hundreds of prostitutes" and "numerous pimps,"
Special Agent Fransen became familiar with the "pimping culture" and its "jargon
or lingo"; he learned the process by which a child is recruited, maintained, begins
working as a prostitute, and then provides the funds to the pimp; he responded, "I
do," when asked if he had an opinion about whether he was qualified, based on his
training and experience, to discuss the pimping subculture and how it related to
appellant's trial for child prostitution. 

 Only when the prosecutor asked Special Agent Fransen to describe the
subculture of pimping and child prostitution did appellant's counsel ask to
approach the bench to state, 

 [DEFENSE COUNSEL]: Judge, if they are trying to have him testify as an
expert witness, I'd like to take him on voir dire
outside the presence of the jury. And I don't think
that he can testify from [sic] - as an expert witness
in the case.


After instructing the State that appellant was entitled to a hearing outside the
presence of the jury, to the extent the State was offering Special Agent Fransen as
an expert, the following exchange occurred:

 [PROSECUTOR]: So you know, I'm not offering him as an expert. 
Because he is a police officer who has received
special training does not make him an expert.


 [THE COURT]: Are you offering him as an expert?


 [PROSECUTOR]: I'm getting ready to have him explain about his
training and experience, much like a narcotics
officer to testify about the culture of narcotics on
the street, the value of dope in general, per kilo.
This has to do with prostitution, and case law
shows those folks are not experts for purposes of
the statute.


 [THE COURT]: Where are you going with him?


 [PROSECUTOR]: To testify about the subculture about how it is that
girls get recruited. And it will corroborate what
[complainant] said and how it is that the pimps
maintain their control and cause the prostitutes to -
and it will corroborate some of the things that
[complainant] said about what [sic] her particular
case as it pertains to what her relationship was with
[appellant]. Considering that the defense attorney
has crossed on the issue of cause, actually elicited
an answer from [complainant] by asking her, did
he make you prostitute. I think this is relevant to
show what the culture is and how they go about
getting these girls into the environment where they
begin to prostitute and how that's going to equal
causation in this [case]. 


When the trial court asked if appellant had a response, his counsel stated, "Judge,
sounds like he is an expert. All of this stuff she is talking about sounds a lot like
an expert." The bench conference concluded when the trial court overruled the
request to voir dire Special Agent Fransen. 

 Rule 701's requirement that the proferred opinion be rationally based on the
perceptions of the witness consists of two parts; the witness must first establish
personal knowledge of the events from which he derives the opinion, which must
then be rationally based on that knowledge. Fairow v. State, 943 S.W.2d 895, 898
(Tex. Crim. App. 1997); accord Tex. R. Evid. 602 (requiring that proponent of
testimony demonstrate that witness has personal knowledge). The proponent of
lay-opinion testimony must establish that the witness has personal knowledge of
the events on which the witness bases his opinion. Fairow, 943 S.W.2d at 899. 

 Case law recognizes that personal knowledge may derive from experience. 
See Ex Parte Nailor, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004) (describing
officer's testimony that victim had not been attacked, in context of claim that
counsel was ineffective for not objecting to testimony) (citing with approval
Fairow, 943 S.W.2d at 898-99 (holding that officer properly offered opinion
concerning individual's mental state)); Austin v. State, 794 S.W.2d 408, 410-11
(Tex. App.--Austin 1990, pet. ref'd) (recognizing that officer could identify code
term for prostitution based on his experience). Settled precedent under rules 401
and 402 thus recognizes that a police officer may provide opinion testimony
pursuant to rule 701 if it is based on his personal observations and experiences. 
Reece v. State, 878 S.W.2d 320, 324-25 (Tex. App.--Houston [1st Dist.] 1994, no
pet.) (holding that police officer may testify, based on his training and experience,
that actions he observed were consistent with selling drugs); Austin, 794 S.W.2d at
410-11 (holding that police officer properly opined, based on his personal
experience, that "Swedish deep muscle rub" was code for prostitution); see also
McRae v. State, 152 S.W.3d 739, 746-47 (Tex. App.--Houston [1st Dist.] 2004,
pet. ref'd) (holding that officer's observations of defendant's performance on one-leg stand did not convert lay witness testimony into expert testimony).

 We hold that the trial court properly admitted Special Agent Fransen's
testimony under rule 701 and therefore did not err by denying appellant's request
to conduct a voir dire examination pursuant to rule 705. The State offered Special
Agent Fransen as a lay witness to "testify about the [pimp] subculture," and to
address the issue of cause, as placed into issue by appellant's cross-examination of
complainant. The questions contemplated drew directly from Special Agent
Fransen's personal experience and familiarity with the pimping subculture,
including its terms, many of which complainant had used in her testimony, which
Special Agent Fransen gained from interviewing both pimps and prostitutes. 
Questioning Special Agent Fransen concerning what he learned from his
experience would assist the fact-finder in determining a fact in issue, specifically,
appellant's utilizing complainant, then a child, as a prostitute for his personal
profit. 

 Because the record demonstrates that the State offered Special Agent
Fransen's testimony for reasons that comport with rule 701, we cannot say that the
trial court abused its discretion by denying appellant's request for a rule 705
hearing. See Joiner, 825 S.W.2d at 708. 

 We overrule appellant's first point of error. 

Relevancy of Special Agent Fransen's Testimony


 In his second point of error, appellant contends that the trial court erred by
overruling his objections to the relevancy of Special Agent Fransen's testimony,
because the State did not establish how his opinion "fit" the facts of this case, as
required by rule 702 of the Rules of Evidence. We note at the outset that rule 702
applies only to expert testimony. See Tex. R. Evid. 702 (Testimony by Experts)
(emphasis added). For the reasons addressed above, the trial court properly
admitted Special Agent Fransen's testimony pursuant to rule 701. Accordingly,
rule 702 does not apply.

 We overrule appellant's second point of error. 

Judgment Modified to Conform to Oral Pronouncement on Enhancement


 Though we have overruled appellant's points of error, we must modify the
trial court's written judgment, sua sponte, in order that the written judgment
conform to the trial court's oral pronouncements. 

 Compelling prostitution is a second-degree felony, punishable by a maximum
of 20 years' confinement in prison. Tex. Pen. Code Ann. §§ 43.05(b), 12.33(b)
(Vernon 2003). In this case, however, the State alleged four prior felony
convictions as enhancements for punishment. The reporter's record demonstrates
that the trial court rejected appellant's plea of "not true" to these enhancements,
orally announced a finding that the enhancement paragraphs of the amended
indictment were true, and, in accordance with that finding, orally pronounced
appellant's sentence at life in prison. See Tex. Pen. Code Ann. § 12.42(d); see
also Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon 2006) (requiring that
sentence be pronounced in defendant's presence). The trial court's written
judgment also recites a sentence of life in prison. The written judgment differs,
however, from the trial court's oral pronouncements by reciting that the trial court
found the enhancement allegations of the amended indictment "not true." 

 Well-settled law recognizes that the trial court's written judgment serves only
as the "declaration and embodiment" of the trial court's oral pronouncements. 
Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); Ex parte Madding,
70 S.W.3d 131, 135 (Tex. Crim. App. 2002); see Coffey v. State, 979 S.W.2d 326,
328 (Tex. Crim. App. 1998). When, as here, the trial court's oral pronouncements
concerning sentencing conflict with the recitals in the judgment, the oral
pronouncement controls. See Taylor, 131 S.W.3d at 500; Thompson v. State, 108
S.W.3d 287, 290 (Tex. Crim. App. 2003); Madding, 70 S.W.3d at 135; Coffey, 979
S.W.2d at 328. 

 This Court properly exercises its jurisdiction to modify a trial court's
judgment to preserve the integrity of the record when, as here, the record provides
the information required to support modification. See Nolan v. State, 39 S.W.3d
697, 698 (Tex. App.--Houston [1st Dist.] 2001, no pet.). Accordingly, we modify
the judgment of the trial court to reflect that the trial court found true the felony
convictions alleged as enhancement against appellant.

Conclusion


 We affirm the judgment of the trial court as modified by this opinion. 




 Sherry Radack


 Chief Justice



Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b).
1. Opinion testimony that is otherwise admissible is not objectionable solely because it
embraces an ultimate issue to be decided by the trier of fact. Tex. R. Evid. 704; Ex
Parte Nailor, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004) (describing officer's
testimony that victim had not been attacked); Solomon v. State, 49 S.W.3d 356, 364
(Tex. Crim. App. 2001) (holding that lay witness properly offered opinion regarding
defendant's criminal responsibility).