Mark Raymond **RILEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–97–00437–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 11, 1999.

Robert A. Scardino, Scot R. Courtney, Houston, for appellants.

Kelly Ann Smith, Houston, for appellees.

Panel consists of Justices AMIDEI, EDELMAN and WITTIG.

## OPINION

DON WITTIG, Justice.

Appellant, Mark Raymond Riley, pled not guilty before a jury to the offense of driving while intoxicated, DWI. *See* TEX. PEN.CODE ANN. § 49.04 (Vernon 1994 & Supp.1999). He was convicted, and the trial court assessed punishment at 180 days confinement in the Harris County Jail, probated for one year, and a fine of $500. In three points of error, appellant contends the trial court erred by: (1) refusing to strike Juror Sixteen for cause; (2) denying appellant's motion to suppress the audio portion of the video tape; and (3) allowing expert testimony without a proper foundation. We affirm.

### Background

While driving one evening, appellant drove his car through a red light. Observing this event, Officer Holbrook effectuated a traffic stop. Officer Holbrook smelled alcohol on appellant's breath and noticed that his eyes were bloodshot. Appellant was asked to perform several field sobriety tests. Based on the results of these tests, appellant was arrested and escorted to the police station where a video recording was taken.

## Juror Challenge

In his first point of error, appellant contends the trial court erred by refusing to strike Juror Sixteen for cause. Appellant argues that the statements made by Juror Sixteen indicate that she believes police officers are more trustworthy than non-police officers.

■ A prospective juror who maintains a belief that a police officer will *always* tell the truth is challengeable for cause, and the overruling of such a challenge is reversible error. *See Hernandez v. State*, 563 S.W.2d 947, 950 (Tex.Crim.App.1978). However, if the prospective juror vacillates or equivocates on their belief concerning a police officer's truthfulness, then the reviewing court must defer to the trial court's judgment and should not disturb the ruling absent an abuse of discretion. *Massey v. State*, 933 S.W.2d 582, 583–84 (Tex.App.—Houston 1996).

■ During voir dire, appellant's counsel questioned the prospective jurors concerning the weight each would give to testimony from a police officer. Juror Sixteen was questioned individually about this issue as follows:

Q: ... if you are on a jury and you heard the testimony of a police officer and a non-police officer said something that was different, that was critical whether you found somebody guilty or not guilty, I believe you told me that you would tend to go with the police officer.

A: Uh-huh.

...

Q: Would you tend to believe a police officer because of his previous training and experience and background as opposed to just wearing a uniform?

A: Yes, sir, training and background.

...

Q: Well not knowing what this training and background is, I mean just as a general rule, are you just assuming that they have all had training and background.

A: I am assuming in this particular case if a police officer said that he saw this person driving while intoxicated, I

would tend to believe the police officer because he might know if he had been drinking because he deals with DWI more.

Q: So you feel this not having heard any evidence?

A: Yes

Based on this, appellant motioned that she be struck for cause. The trial judge stated, "I'm going to excuse her." However, some confusion occurred because the record reveals that Juror Sixteen remained on the panel. Therefore, appellant's counsel motioned the court for an additional peremptory strike to use on Juror Sixteen. Counsel stated, "[w]e feel that the court was in error in denying our motion and that would require us to take number 16 based on the way we exercised our strikes."

■ Because it appears Juror Sixteen was excused but nevertheless remained on the panel, we will assume error exists. The effect of what transpired is that the judge denied appellant's challenge for cause on Juror Sixteen. Consequently, we must determine whether appellant properly preserved this error for appeal. "When the trial court errs in overruling a challenge against a venireperson, the defendant is harmed only if he uses a peremptory strike to remove the venireperson and thereafter suffers a detriment from the loss of the strike." *McFarland v. State*, 928 S.W.2d 482, 508 (Tex.Crim.App. 1996). Error is preserved only if appellant used all his peremptory strikes, asked for and was refused additional strikes, and was then forced to take an *identified* objectionable juror whom appellant would not otherwise have accepted had the trial court granted his challenge for cause or granted him additional peremptory strikes so that he might strike the juror. *Id.*

Here, appellant used all his peremptory strikes. Appellant asked for and was refused additional peremptory strikes. However, appellant only indicated that the use of the peremptory strike against Juror Sixteen would interfere with the use of his strikes because "we have three other people we wish to strike." This statement does not identify a specific objectionable juror appellant would have to accept but for the trial court's ac-

**898**

tions. *Id.* Accordingly, appellant failed to properly preserve this error for appeal, and we overrule his first point of error.

## Motion to Suppress

In appellant's second point of error, he asserts the trial court abused its discretion by denying his motion to suppress. Specifically, he argues that the audio portion of the video tape violated his fifth amendment rights.

Every suspect has the right to remain silent, the right to counsel, and a privilege against self-incrimination. *See* U.S. CONST. art. 1, § 10. However, these privileges apply only to compelled testimony resulting from custodial interrogation. *See Pennsylvania v. Muniz,* 496 U.S. 582, 589, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990). Thus, the audio portion of a videotape is only inadmissible to the extent it contains compelled testimony in response to custodial interrogation. *See Miffleton v. State,* 777 S.W.2d 76, 81(Tex.Crim.App.1989). Interrogation is defined as any word or action on a police officer's part that he knew or should know is reasonably likely to elicit an incriminating response from an accused. *See Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). Therefore, questioning "normally attendant to arrest and custody" does not fall within interrogation's realm. *See McCambridge v. State,* 712 S.W.2d 499, 505 (Tex.Crim.App.1986).

Here, appellant made an objection to the entire audio portion of the videotape. He failed to indicate any specific objectionable part of the videotape's audio portion, which reveals that any of the police officers' words or actions were reasonably likely to or did elicit an incriminating response. *See Innis,* 446 U.S. at 301, 100 S.Ct. 1682. To preserve error for appellate review, the complaining party must have raised his complaint in the form of a specific, timely objection, or motion in the trial court and obtained a ruling or an expressed or implicit refusal to rule. *See* Tex. R.APP. P. 33.1; *Broxton v. State,* 909 S.W.2d 912, 918 (Tex.Crim.App.1995). Appellant's conclusory objection to the entire audio portion was not specific, and is inadequate to preserve this error for appeal. Ac-

cordingly, we overrule appellant's second point of error.

## Expert Testimony

In appellant's final point of error, he asserts the trial court erred in allowing expert opinion testimony prior to the establishment of a proper foundation. Specifically, appellant argues the trial court erred by allowing Officer Holbrook's expert testimony concerning appellant's toxicity.

Before admitting expert testimony, the trial court must be satisfied that three conditions are met: (1) that the witness qualifies as an expert by reason of his knowledge, skill, experience, training, or education; (2) that the subject matter of the testimony is appropriate for expert testimony; and (3) that admitting the expert testimony will actually assist the fact finder in deciding the case. *See* TEX.R.CRIM. EVID. 702; *Alvarado v. State,* 912 S.W.2d 199, 215–16 (Tex.Crim.App. 1995). Appellant asserts that the trial court never made and could not have made such findings because it was never presented with the appropriate testimony to have done so.

The improper expert testimony arose when Officer Holbrook was on the stand. The State's attorney asked him:

Q: Did you form an opinion based on your *training, experience* and perceptions that night of whether the defendant was intoxicated?

A: Yes sir, I did.

Q: Can you give us that opinion.

... [objection] ...

A: I felt he was intoxicated.

Appellant specifically objected that the question was asking for an expert opinion because Officer Holbrook was asked to answer based on his *training, experience,* and perceptions. The trial court overruled this objection and allowed him to answer. There was no prior testimony regarding what, if any, training or experience as a police officer Officer Holbrook had received or acquired concerning the issue of intoxication. Therefore, Officer Holbrook was permitted to give expert testimony without establishing the proper foundation.

The question also asked Officer Holbrook to base his opinion on his *perception,* which is a proper and necessary foundation for lay witness opinion. *See* TEX.R. CRIM. EVID. 701. It is permissible for a lay witness to opine as to whether another person was intoxicated based on the lay witness's perception. *See Howard v. State,* 744 S.W.2d 640, 641 (Tex. App.—Houston [14th Dist] 1987, no pet.). However, the State's question did not limit Officer Holbrook's opinion to merely his perception or lay witness testimony, but instead, he was allowed to base his opinion on his training and experience or expert testimony. Therefore, we hold the trial court erred when it overruled appellant's objection and allowed Officer Holbrook to testify based on his training and experience.

We must now determine whether this error is reversible. TEX.R.APP. P. 44.2. Because this error was an evidentiary matter, 44.2(b) applies instead of 44.2(a). *See King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App. 1997); *Garza v. State,* 963 S.W.2d 926, 930 (Tex.App.—San Antonio 1998, no pet.). Rule 44.2(b) requires us to examine error in relation to the entire proceeding and determine whether it had a "substantial and injurious effect or influence in determining the jury's verdict." *King,* at 271 (citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). If the record fails to demonstrate the error had such an impact, we must disregard it.

Here, the testimony would have been proper had the State rephrased its question. Notwithstanding the answer to the improper question, there was sufficient other evidence to indicate that appellant was intoxicated including his breath and his performance on the sobriety tests and on the video tape. In addition, Officer Jaime, certified by the National Highway Transportation Safety Administration in various field sobriety tests, testified that based on appellant's performance appellant "had lost the normal use of his mental faculties, as well as his physical faculties due to the introduction of alcohol into his body." Therefore, we find the complained of error did not have a substantial or injurious influence on the jury's decision.

Accordingly, we overrule appellant's final point of error.

We affirm the judgment of the trial court.