TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00779-CR







Charles Paul Kaplan, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. 98CR-424, HONORABLE BRENDA R. FREEMAN, JUDGE PRESIDING






A jury found appellant Charles Paul Kaplan guilty of driving while intoxicated
(DWI) and assessed punishment at incarceration for 180 days and a $2000 fine. See Tex. Penal
Code Ann. § 49.04 (West Supp. 2000). On the jury's recommendation, the court suspended
imposition of sentence and placed appellant on community supervision. We will affirm.

Hank Shear, a Canyon Lake paramedic, was driving home at about 11:40 p.m.
when he approached from behind a small green automobile being driven in the same direction. 
The green car was alternately speeding up and slowing down, and was weaving back-and-forth.
The car repeatedly crossed the center line into the oncoming traffic lane. At one point, the green
car completely crossed the other traffic lane onto the far shoulder, and an oncoming vehicle was
forced to pass between it and the center line. Shear contacted the sheriff's dispatcher from his
vehicle and reported what he had seen. He continued to follow the suspect car, and remained at
the scene after it was stopped until the driver was arrested.

Deputy Doug Phillips responded to Shear's report and stopped the green car, which
was driven by appellant. Phillips testified that appellant had difficulty turning off his car after
stopping. Phillips noticed a strong odor of alcoholic beverage about appellant's person and saw
that appellant swayed when he stood. Appellant told Phillips he had consumed a couple of beers. 
Phillips had appellant perform several field sobriety tests. Appellant was unable to stand on one
leg for more than two seconds, and then only by using his arms for balance. Appellant was
unable to recite the alphabet correctly. Appellant was able to touch the tip of his nose with his
index finger, but he disregarded the officer's instruction to tilt his head back and close his eyes
as he did so.

In his first point of error, appellant contends the county court at law erroneously
permitted Phillips to testify as an expert regarding appellant's intoxication. Phillips testified that
it was his opinion, based on his training, experience, and observations, that appellant was
intoxicated at the time and place in question. Appellant urges that Phillips was not shown to be
qualified to give this opinion. See Tex. R. Evid. 702 (expert must be qualified by knowledge,
skill, experience, training, or education).

It has long been the law in Texas that a witness need not be an expert to express
an opinion as to whether a person he observed is intoxicated. See Vaughn v. State, 493 S.W.2d
524, 525 (Tex. Crim. App. 1972); see also Tex. R. Evid. 701. In this cause, however, Phillips
was asked to base his opinion not only on his observations, but on his training and experience as
a peace officer. Because the State sought Phillips's opinion as an expert, it was required to
establish the officer's qualifications under rule 702. See Riley v. State, 988 S.W.2d 895, 899
(Tex. App.--Houston [14th Dist.], no pet.). The decision to permit a witness to testify as an expert
lies within the discretion of the trial court and will not be overturned on appeal absent a showing
of an abuse of that discretion. See Joiner v. State, 825 S.W.2d 701, 708 (Tex. Crim. App. 1992);
Duckett v. State, 797 S.W.2d 906, 910 (Tex. Crim. App. 1990).

As of the night of appellant's arrest, Phillips had been a certified peace officer for
four years and had served as a Comal County deputy sheriff for two years. After joining the
sheriff's department, Phillips went through a six-week field training program in which he rode
with and observed experienced officers, but he did not recall witnessing a suspected DWI stop
during that training. Phillips testified that he had observed field sobriety testing while riding with
police officers as a civilian, had discussed the conduct of such tests with other officers, and had
conducted many field sobriety tests. One month after appellant's arrest, Phillips received his
certificate of proficiency in standardized field sobriety testing after completing the required
training course. See 37 Tex. Admin. Code § 221.23(b) (2000).

In urging that Phillips was not qualified as an expert, appellant stresses that the
officer did not have his field sobriety testing certificate at the time he tested appellant. He does
not cite authority holding that such a certificate is a prerequisite to a finding of expertise. 
Although the officer did not have formal training in the conduct of the field tests, he testified to
his experience in watching and conducting such tests. He also clearly explained the tests and the
indications of intoxication. On this record, we find no abuse of discretion in admitting the
officer's expert opinion that appellant was intoxicated.

The jury heard Phillips's descriptions of the field tests and of appellant's
performance of them. The jury also saw a videotape of appellant performing the same tests under
Phillips's supervision at the jail following his arrest. If there was an abuse of discretion in
permitting Phillips to express his opinion regarding appellant's intoxication, it did not affect
appellant's substantial rights under the circumstances. See Tex. R. App. P. 44.2(b); Tex. R.
Evid. 103(a). Point of error one is overruled.

In his second point of error, appellant contends the court erred by refusing to
instruct the jury pursuant to article 38.23. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (West
Supp. 2000). This statute provides that in any case in which the issue is raised, the jury should
be instructed to disregard evidence that it believes, or has a reasonable doubt, was obtained in
violation of the constitution or laws of Texas or of the United States. Appellant argues that the
videotape raised an issue as to whether Deputy Phillips unlawfully interrogated appellant after
appellant requested an attorney.

An article 38.23 instruction is required when there are factual disputes as to how
the evidence was obtained. See Bell v. State, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996);
Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986); Broadnax v. State, 995 S.W.2d
900, 902 (Tex. App.--Austin 1999, no pet.). When there is no conflicting testimony regarding the
relevant facts, the admissibility of the disputed evidence is a question of law and no jury
instruction is required. See Lackey v. State, 638 S.W.2d 439, 455 (Tex. Crim. App. 1982);
Broadnax, 995 S.W.2d at 902. Whether Phillips improperly interrogated appellant was not an
issue of fact, but a question of law that appellant waived by failing to object to the admission of
that portion of the videotape. See Tex. R. App. P. 33.1(a). There being no fact issues for the
jury to resolve, the court did not err by refusing the instruction. Point of error two is overruled.

The judgment of conviction is affirmed.



 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 31, 2000

Do Not Publish




an opinion as to whether a person he observed is intoxicated. See Vaughn v. State, 493 S.W.2d
524, 525 (Tex. Crim. App. 1972); see also Tex. R. Evid. 701. In this cause, however, Phillips
was asked to base his opinion not only on his observations, but on his training and experience as
a peace officer. Because the State sought Phillips's opinion as an expert, it was required to
establish the officer's qualifications under rule 702. See Riley v. State, 988 S.W.2d 895, 899
(Tex. App.--Houston [14th Dist.], no pet.). The decision to permit a witness to testify as an expert
lies within the discretion of the trial court and will not be overturned on appeal absent a showing
of an abuse of that discretion. See Joiner v. State, 825 S.W.2d 701, 708 (Tex. Crim. App. 1992);
Duckett v. State, 797 S.W.2d 906, 910 (Tex. Crim. App. 1990).

As of the night of appellant's arrest, Phillips had been a certified peace officer for
four years and had served as a Comal County deputy sheriff for two years. After joining the
sheriff's department, Phillips went through a six-week field training program