Affirmed and Memorandum Opinion filed July 10, 2008








Affirmed and Memorandum Opinion filed July 10, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00730-CR

____________

 

EFREND CANTORAL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 52,332

 



 

M E M O R A N D U
M   O P I N I O N








Appellant, Efrend Cantoral, pleaded guilty to one count of
harassment while imprisoned at the Texas Department of Corrections.  See
Tex. Pen. Code Ann. _ 22.11(a)(1) (Vernon Supp. 2007).[1]
 After appellant pleaded true to an enhancement paragraph for a previous
aggravated assault conviction, the trial court found him guilty and sentenced
him to ten years= imprisonment.  In a single issue,
appellant argues that the trial court committed reversible error by admitting
into evidence seven hearsay statements located within his medical records.  We
affirm. 

BACKGROUND

Appellant was
originally incarcerated for aggravated assault and had about two years
remaining on his eight-year sentence when he was charged with harassment. 
Specifically, appellant was charged by indictment for harassing Blanche
Jackson, a corrections officer, by causing appellant=s urine to make
contact with Jackson while imprisoned in a correctional facility.  Prior to
trial, appellant filed his medical records with the trial court, along with two
business records affidavits from custodians of the records, and gave notice to
the State that the records would be offered in evidence at trial.

At trial,
appellant pleaded guilty, and the case was set for a punishment hearing.  There
was no agreement with the State on punishment.  At the punishment hearing, the
State began by presenting three witnesses who testified about appellant=s previous
assaultive and threatening behavior during his incarceration.  John Wright
testified that while he was working as a corrections officer at the Michael
Unit in Anderson County in 2002, appellant threw a four-foot long fluorescent
light bulb at him Alike a javelin.@  Samuel Hayes,
Jr. testified that appellant threatened him while he was working as 
corrections officers at the Michael Unit.  Jemal Chambers testified that while
she was working at the Darrington Unit, appellant grabbed a large rolling
shield that had been left in front of his cell, pushed it into her forearm, and
threatened her.  The State then presented Mr. Blanche Jackson, the named victim
in the instant case, who testified that while he was a corrections officer at
the Darrington Unit, appellant squirted him with a liquid substance that
smelled like urine. 

Appellant also
testified during the punishment hearing, describing mitigating circumstances in
his life.  After he testified, the State offered his medical records into
evidence under the Abusiness records@ exception to the
hearsay rule.  Appellant=s counsel=s  objection to
the medical records= admission based on relevance was
overruled.  The following exchange occurred: 








Appellant=s Counsel:         . . . [T]here is
hearsay upon hearsay in those records.  I object to the hearsay, not to the
records, not hearsay of the records themselves because I filed them under the
business record affidavit.  

 

Trial Court:                      Well,
the objection was / remains sustained as to the hearsay exception, unless you
point out specifically in there it=s too broad.  I have to rule upon that.  That=s overruled.  Anything else?

 

There was no reply
from appellant=s counsel, and the medical records were admitted into
evidence.  After hearing the evidence, the trial court sentenced appellant to
ten years= imprisonment.  On appeal, appellant argues that the
trial court committed reversible error by admitting into evidence seven hearsay
statements within the medical records during the punishment hearing.

STANDARD OF REVIEW

A trial court=s ruling admitting
or excluding evidence is reviewed on appeal under an abuse of discretion
standard.  Ramos v. State, 245 S.W.3d 410, 417-18 (Tex. Crim. App.
2008); Austin v. State, 222 S.W.3d 801, 807 (Tex. App.CHouston [14th
Dist.] 2007, pet. ref=d).  The trial court abuses its discretion
only when the decision lies outside the zone of reasonable disagreement. 
Walters v. State, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007); State v.
Vasquez, 230 S.W.3d 744, 747 (Tex. App.CHouston [14th
Dist.] 2007, no pet.).  The trial court=s decision to
admit or exclude evidence will be upheld if it is reasonably supported by the
record and is correct under any theory of law applicable to the case.  Ramos,
245 S.W.3d at 418; Dickson v. State, 246 S.W.3d 733, 738 (Tex. App.CHouston [14th
Dist.] 2007, pet. ref=d).

DISCUSSION








In his sole issue,
appellant asserts that the trial court should have excluded seven hearsay
statements located in six pages of the approximately six hundred pages of
medical records.  The State contends that appellant did not preserve his
complaint for appellate review because his objection was not made with
sufficient specificity.  We agree.

In order to
preserve error on admission of evidence at trial, a party must make a timely
and sufficiently specific objection and obtain a ruling.  Tex. R. App.
33.1(a).  The requirement that complaints be raised in the trial court (1)
ensures that the trial court will have an opportunity to prevent or correct
errors, thereby eliminating the need for a costly and time-consuming appeal and
retrial; (2) guarantees that opposing counsel will have a fair opportunity to
respond to complaints; and (3) promotes the orderly and effective presentation
of the case to the trier of fact.  Gillenwaters v. State, 205 S.W.3d
534, 537 (Tex. Crim. App. 2006).  Making the trial court aware of the complaint
requires that both the grounds and what is being objected to be apparent.  See
Hernandez v. State, 599 S.W.2d 614, 617 (Tex. Crim. App. [Panel Op.] 1980)
(en banc) (op. on reh=g). 








When an exhibit
contains both admissible and inadmissible evidence, the objection must
specifically identify what portions are inadmissible to apprise the trial court
of the exact objection, and to preserve error.  Sonnier v. State, 913
S.W.2d 511, 518 (Tex. Crim. App. 1995) (holding that objection to entire video
recording without specific reference to challenged material did not inform
trial court of specific objection and did not preserve error for appeal). 
Here, appellant did not make a specific objection so as to inform the trial
court of the specific objectionable material in the medical records.  Appellant
made no specific reference to the allegedly inadmissible evidence within the
six hundred pages of medical records.  Appellant=s objection was
not specific enough to make the trial court aware of that to which appellant
was objecting.  Therefore, appellant failed to preserve the hearsay within
hearsay issue.  Id.; see also Riley v. State, 988 S.W.2d 895, 898
(Tex. App.CHouston [14th Dist.] 1999, no pet.) (holding that
objection to entire audio portion of videotape was not specific and did not
preserve error for appeal because it failed to indicate any specific
objectionable part of audio portion); Johnson v. State, 747 S.W.2d 451,
453 (Tex. App.CHouston [14th Dist.] 1988, writ ref=d) (holding that
objection to admission of tape-recording on ground that it contained numerous
statements about  extraneous offenses did not preserve error for appeal because
no specific reference made to portions of recording containing statements about
extraneous offenses);  Jacobs v. State, No. 06-03-00204-CR, 2004 WL
1116232, at *3 (Tex. App.CTexarkana May 20, 2004, no pet.) (mem.
op.) (not designated for publication) (holding that hearsay within hearsay
objection did not preserve error  because no specific reference made to
inadmissible parts of medical records). 

Accordingly, we
overrule appellant=s sole issue.[2] 
We affirm the judgment of the trial court.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Memorandum Opinion filed July 10, 2008.

Panel consists of
Chief Justice Hedges, Justice Boyce, and Senior Justice Price.*

Do Not Publish C Tex. R. App. P.
47.2(b).

 









[1]  Section 22.11(a)(1) provides: AA person commits an offense if, with the intent to
assault, harass, or alarm, the person while imprisoned or confined in a
correctional or detention facility, causes another person to contact the blood,
seminal fluid, vaginal fluid, saliva, urine, or feces of the actor, another
person, or an animal.@





[2]  The State also advances an argument under the
invited error doctrine.  We need not address this argument because we find that
appellant did not preserve his complaint for appellate review.





*  Senior Justice Frank C. Price sitting by assignment.