**Affirmed and Memorandum Opinion filed January 15, 2013.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-11-00930-CR
_____

### QUALEN DEJUANE BELL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1173084**

## MEMORANDUM OPINION

Appellant Qualen Dejuane Bell appeals his conviction for murder, asserting that the trial court erred during voir dire by denying appellant's challenge for cause

of a venireperson who was employed with the Harris County District Attorney's Office.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offense of murder, to which he pleaded "not guilty."  The record reflects the following exchange during voir dire, between the prosecutor and venireperson number 1:

| | |
|---|---|
| Prosecutor: | Now, I see a couple of—well, at least one familiar face here.  Juror No. 1, say your last name please. |
| Venireperson 1: | Bugaj. |
| Prosecutor: | I know you as Ms. Jackie, and why is that? |
| Venireperson1: | Because I work with you. |
| Prosecutor: | Ms. Jackie works in our office.  She has worked both in the intake division and in the DWI police video room.  Are you going to give me extra points because you and I work for the same place? |
| Venireperson 1: | No. |
| Prosecutor: | Are you going to be able to—even though we have been friendly on many occasions—be able to listen to the evidence and make sure that your decision is right regardless of who your employer is? |
| Venireperson 1: | Yes. |

When defense counsel began his voir dire examination, he introduced himself and his co-counsel as former prosecutors in the Harris County District Attorney's Office.  He engaged in the following exchange with venireperson 1:

| | |
|---|---|
| Defense Counsel: | . . . now Ms. Bugaj, I noticed that [the prosecutor] called you Ms. Jackie.  You all know each other real well? |

2

Venireperson 1: Yes. I work with her. We pass each other.

Defense Counsel: But you are looking at her. You are looking at her, and I am asking you a question, and I will be less than honest if I say that I am real concerned about you being on this jury, and I want to ask you just straight up. If this woman had or anyone else had a son or daughter going to trial, would you want Ms. Jackie here on the jury knowing that Ms. Logan was the prosecutor? Would you? You have had a relative like that in that situation.

Venireperson 1: No.

Defense Counsel: Do you think that you can be fair?

Venireperson 1: Uh-huh.

Defense Counsel: So, you will rather me use a strike on you? Is that why you are here today?

Venireperson 1: I was called to jury duty.

Defense Counsel: I know; and, Ms. Jackie, I am just trying to find out if you are really going to be fair. If you came in here and found Mr. Bell not guilty; and you go back to work, people are going to look at you. I have worked in the district attorney's office. They are going to look at you, and they are going to be looking at your comp time. They will be watching you like a hawk.

In another exchange during voir dire, defense counsel questioned venireperson 1 about her niece, who was employed as a police officer with the Houston Police Department.

Defense counsel moved to strike venireperson 1 for cause, asserting fundamental unfairness and a violation of due process. The trial court denied the request, noting the veniremember's statement that she could be fair. Defense

3

counsel then moved for an additional strike, and the trial court denied the request. Counsel stated that he planned to move again for an additional strike after the other strikes have been submitted, asserting unfairness. The trial court overruled the objection, but offered counsel an opportunity to object to the jury once the jury was seated and sworn in. When defense counsel expressed the belief that a request should be made before the jury is seated or the request is waived, the trial court noted that counsel would have an opportunity to look at the jury and object to it.

The trial court gave the parties an opportunity to prepare a list of strikes. At the bench, the trial judge instructed counsel to explain which veniremember would have received a strike had an extra strike been granted. Eventually, after a lengthy exchange at the bench the trial court stated, "So, No. 29," and defense counsel indicated agreement with the statement. The record next reflects the trial court's statement, "We need to correct the record and perfect it to make it not No. 29 but No. 16, okay."

The trial court called the names of the jurors. At the bench, defense counsel renewed his objection that he was forced to use a peremptory challenge on venireperson 1 and stated that, had his request for an additional strike been granted, he would have struck venireperson 16, who was seated on the jury. The trial court noted, "All right. The next available juror is No. 29. The next available juror is No. 29 just so you know." Defense counsel noted, "I mean, it is what it is." The trial court then removed venireperson 16 from the jury and instructed venireperson 29 to sit on the jury. Appellant expressed no other objections to the jury, as seated.

At trial, the State offered evidence that appellant hit and choked his ex-girlfriend, the complainant, causing her death. Appellant had given a statement to investigating officers, in which he admitted hitting and choking the complainant.

4

The statement was admitted into evidence. The jury found appellant guilty as charged. He was sentenced to sixty years' confinement. In his sole appellate issue, appellant asserts the trial court erred in denying his challenge for cause to venireperson 1.

## ANALYSIS

Appellant asserts the trial court erred in refusing to grant a challenge for cause to venireperson 1 because, appellant argues, employees of a prosecutor's office are implicitly biased. According to appellant, the trial court reversibly erred by failing to award him an additional peremptory strike, thus causing him harm.

To preserve error regarding a trial court's allegedly erroneous denial of a challenge for cause, the record must show that: (1) appellant asserted a clear and specific challenge for cause, which was denied; (2) he used a peremptory strike on the complained-of venire member; (3) he used all of his peremptory strikes; (4) his request for additional peremptory strikes was denied; and (5) a juror appellant identified as objectionable sat on the jury. *See Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). On this record, we conclude that appellant failed to preserve error.

The record reflects that the trial court implicitly granted an additional peremptory strike by removing venireperson 16 from the jury and instructing venireperson 29 to sit on the jury. *See Demouchette v. State*, 731 S.W.2d 75, 83 (Tex. Crim. App. 1986) (holding appellant failed to preserve error because trial court granted all of appellant's requests for additional peremptory strikes). Appellant asserted no objection to the trial court's replacement of venireperson 16 with venireperson 29, nor did appellant voice any objection to the jury as reconstituted. In addition, the record does not reflect that a juror appellant

5

identified as objectionable sat on the jury. *See Riley v. State*, 988 S.W.2d 895, 897 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding appellant failed to preserve error because he did not identify in the trial court an objectionable juror who sat on the jury). Even on appeal, appellant has not identified an objectionable juror who sat on the jury.

On this record, appellant failed to preserve error. *See Demouchette*, 731 S.W.2d at 83; *Riley*, 988 S.W.2d at 897. We overrule appellant's sole appellate issue.

The trial court's judgment is affirmed.

/s/     Kem Thompson Frost
Justice

Panel consists of Justices Frost, Christopher, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).

6